UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATHAN MCDOWELL,  )
  )
    Plaintiff,  ) Civil Action No. 3:20-CV-P383-CHB
  )
v.  )
  )
FAITH MATTINGLY *et al.*,  ) **MEMORANDUM OPINION**
  ) **AND ORDER**
    Defendants.  )

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Nathan McDowell leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims but allow others to proceed.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Roederer Correctional Complex (RCC). He brings this action against four nurses who treated him at RCC and who he indicates work for "Wellpath."[1] The named Defendants are Faith Mattingly, Bridgett Banton, Mary Brown, and Kim McDonald. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On April 24, 2020 through April 26, 2020 Nurses Faith Mattingly, Bridgett Banton, and Mary Brown all three gave me someone elses medication which I was not priscribed. I'm suppose to take Lexapro [illegible] mg and on the 23 of April I ran out of my medication. On the twenty fourth I went to pill call and they gave me Lexapro 20 mg plus rimrod + trylaquil. I took the medication thinking that the doctor added two more medications I have stated they added more medications and the nurse which is Faith Mattingly said yes they added more medication. Second night Bridgett Banton gave me the medication so I took it like I was supposed to.

---

[1] Wellpath is ostensibly the private entity contracted to provide medical care to inmates at RCC.

Third night took the medication and I started to feel dizzy and light headed like I was drunk or high. I laid down tried to sleep woke up felt like I had to puke staggered to the bathroom puked then walked back to my rack still feeling dizzy and lightheaded. I collapsed down the wall and while doing so I had deficated on myself and plus I was unresponsive for a few minutes before nurses showed up to take me up to medical office to take vidals and thats when the they found out they gave me the wrong medication. I asked them to send me to the hospital to have my stomach pumped and they said there is no need for that. Now I have to worry about being raped due to me sleeping to the point of people having to slap me to the point of waking up.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer,

which Plaintiff indicates is Wellpath. *See, e.g.*, *Smith v. Davis*, No. 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself); *Prather v. Corr. Care Solutions*, No. 3:16-CV-P60-JHM, 2016 U.S. Dist. LEXIS 65363, at *12 (W.D. Ky. May 18, 2016) (same).

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Wellpath.  As such, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B.  Individual-Capacity Claims

#### 1.  Nurse McDonald

The complaint contains no specific allegations against Nurse McDonald.  Plaintiff simply identifies her as the "head nurse."  Thus, the Court presumes that Plaintiff seeks to hold her liable as the supervisor of the other Defendants.  However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 690 n.55; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)).  Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff does not allege that Defendant McDonald encouraged, implicitly authorized, approved, or knowingly acquiesced in any of the alleged unconstitutional conduct.

Thus, the Court will dismiss Plaintiff's individual-capacity claim against Defendant McDonald for failure to state a claim upon which relief may be granted.

### 2. Nurses Mattingly, Banton, and Brown

Based upon the allegations set forth in the complaint, the Court will allow Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs to proceed against these Defendants in their individual capacities. In allowing these claims to proceed, the Court passes no judgment on their merit or upon the ultimate outcome of this action.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against all Defendants and his individual-capacity claim against Defendant McDonald are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate Defendant McDonald as a party to this action.**

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

This the 15th day of June, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
  Defendants
A958.011